UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUY COZZI,

                Plaintiff,

-against-

WORKERS' COMPENSATION BOARD, et al.,

                Defendants.

21-CV-0442 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. He seeks the reversal of New York State courts' rulings in his workers' compensation case. By order dated March 3, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, a resident of Connecticut, brings this action against the New York State Workers' Compensation Board (WCB), the Chubb Corporation (Chubb), the American Stock Exchange (ASE), and Fisher Brothers, Esqs. – the law firm that represented Chubb and ASE in administrative and state-court proceedings. Plaintiff invokes both federal question and diversity jurisdiction and asserts that his federal constitutional and statutory rights were violated. He cites to the following provisions: "United States Constitution & United States Federal Laws. Separation of Powers–Article 1 & Article 3. Due Process–5th & 14th Amendments. Equal Protection–14th Amendment. 42 U.S.C. § 1983, U.S. Code § 706, [and] 5 U.S.C.S. § 7703(c)." (ECF No. 2, at 2.) Plaintiff seeks the reversal of the state-court judgment against him.

Plaintiff filed a 234-page complaint consisting of documents from the WCB's administrative proceedings and his state-court case. For the facts of his case, he refers the Court to the writ of *certiorari* he submitted to the United States Supreme Court and legal briefs he filed with the New York Court of Appeals and the New York Supreme Court, Appellate Division, Third Department (Appellate Division). These documents reveal the following: in September 2001, Plaintiff was employed in an office building near the World Trade Center (WTC). In the months following the September 11, 2001 terrorist attack, he sustained health injuries from breathing the "toxic 9-11 dust and debris" while participating in the cleanup and recovery efforts as a volunteer and working in his office building next to Ground Zero. (*Id.* at 18.)

In 2014, Plaintiff registered with the WCB under New York Workers' Compensation Law § 162, as a participant in the WTC rescue, recovery, and cleanup operations. He also filed a claim for workers' compensation benefits for injuries he suffered in 2001 at Ground Zero. But the WCB determined that Plaintiff was not a participant in the WTC cleanup efforts under Workers' Compensation Law § 161, and that his claim was untimely because it was not filed by

2

September 11, 2003 – within the two-year limitations period provided by state law, *see* Workers' Compensation Law § 28. On appeal, the Appellate Division affirmed the WCB's denial of benefits to Plaintiff, holding that it was not arbitrary, capricious, or constituted an abuse of discretion. *See Cozzi v. American Stock Exchange*, 148 A.D.3d 1500 (3d Dep't), *appeal dismissed*, 30 N.Y.3d 937 (2017).

In 2017, Plaintiff sought to reopen his claim with the WCB. But the WCB determined that it did not have jurisdiction to rehear or reopen the claim. Plaintiff again appealed, and the Appellate Division affirmed, finding that the WCB did not abuse its discretion in determining that it was without jurisdiction to reopen Plaintiff's claim. *See Cozzi v. American Stock Exchange*, 172 A.D.3d 1658 (3d Dep't), *appeal dismissed*, 33 N.Y.3d 1129 (2019), *cert. denied*, 140 S. Ct. 971 (2020).

Plaintiff now files this action seeking the reversal of the state courts' decisions. He asserts that the WCB and its Office of General Counsel denied him equal protection and due process when they refused to process his claim. (ECF No. 2, at 18.)

## DISCUSSION

Plaintiff's complaint challenging the outcome of the state courts' decisions – which affirmed the New York State Workers' Compensation Board's denial of his claims – is barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Plaintiff brings this action requesting that the Court reverses the state courts' decisions affirming the WCB's denial of workers' compensation benefits to him. He lost in state court, complains of injuries caused by the state-court judgment entered before this action commenced, and specifically invites this Court to reject the state courts' rulings. Plaintiff is therefore asking this Court to "sit in review of the state court judgment," *Vossbrinck*, 773 F.3d at 427, which the *Rooker-Feldman* doctrine prohibits. Because Plaintiff's claims are inextricably intertwined with the state-court judgment against him, the Court lacks subject matter jurisdiction under the *Rooker Feldman* doctrine to review his claims or reverse the state courts' rulings.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

Plaintiff has consented to electronic service. (ECF No. 3.)

SO ORDERED.

Dated: March 5, 2021
       New York, New York

                                                               Louis L. Stanton
                                                                 U.S.D.J.